# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | |
|---|---|
| **VANDAVEN JOHNSON, et al**<br>    **Plaintiff,** | **CIVIL ACTION NO. 3:12-cv-00037** |
| | **DISTRICT JUDGE COSTA** |
| **VERSUS** | **MAGISTRATE JUDGE FROESCHNER** |
| **CANAL BARGE COMPANY,**<br>    **Defendant** | **JURY TRIAL DEMANDED** |
| | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |

## DEFENDANT'S OPPOSITION TO JOHNSON'S RULE 56(d) MOTION AND REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES** Defendant, Canal Barge Company ("Canal Barge"), through undersigned counsel, who submits this Opposition to Plaintiff's Rule 56(d) motion, and its Reply in support of its motion for summary judgment dismissing the claim of Plaintiff Vandaven Johnson ("Johnson") for overtime because all of the Plaintiff's work – including tankering work – was seaman's work, and thus he was exempt from overtime requirements.

## INTRODUCTION

Johnson filed suit against his former employer Canal Barge, alleging that he was misclassified as a seaman under the FLSA while working as a tankerman aboard a vessel, and is entitled to unpaid overtime. Canal Barge filed a motion for summary judgment on the legal issue of whether Johnson's vessel-based tankering work was seaman's work, and a concurrent motion requesting a stay of discovery and a stay of the ruling on the conditional certification motion, pending a ruling on the motion for summary judgment. This Court granted the Motion to Stay. Plaintiff has now filed an opposition to Canal Barge's motion for summary judgment and a Rule

56(d) motion, arguing primarily that he requires discovery in order to adequately respond to the motion for summary judgment.[1]

Although Plaintiff has opposed Canal Barge's motion for summary judgment, ***tellingly***, Plaintiff has not – and cannot – genuinely contest the ***factual statements*** in Canal Barge's motion for summary judgment.  Thus, Plaintiff cannot establish a genuine issue of material fact that relates to the ***legal question*** at issue in this motion:   whether Plaintiff's ***vessel-based tankering duties*** are those of a seaman.[2]

Notably absent from Johnson's brief is any response to Canal Barge's legal authority. Johnson has not addressed or refuted Canal Barge's argument that his loading and discharge of liquid cargo aids in the mission of the vessel and is a seaman's duty, or that *Owens v. SeaRiver* does not apply.  Instead, he ignores these arguments and offers no authority to the contrary, relying only on cases that are easily distinguished.

---

[1] Plaintiff filed a combined brief in Opposition to Canal Barge's motion for summary judgment and in support of Plaintiff's Rule 56(d) motion; therefore, in the interest of efficiency, Canal Barge will respond in a combined brief as well.

[2] Plaintiff makes a misleading reference to the motion for summary judgment filed by the defendant in the *Coffin v. Blessey Marine Services, Inc.* matter, currently pending in the Southern District of Texas.  Plaintiff attempts to use that ruling to convince this Court that "this kind" of issue currently before it has already been considered and rejected by Judge Atlas. (Plaintiff's Opposition, Doc. 34, p. 2.)  However, the motion for summary judgment filed in the *Blessey* matter ***did not address the issue currently before this Court.***  The *Blessey* motion sought summary judgment on a purely factual issue.  Blessey argued that because the data showed that the plaintiff worked less than 20% of his time performing tankering work, he was a seaman (and thus, whether his tankering work was classified as a seaman's duty was irrelevant).  Blessey stated in footnote 41 of its motion for summary judgment:

> [T]here are two additional issues, <u>not raised by this Motion</u> . . . First, every vessel-based member of a marine crew was intended to be exempt as a seaman under the FLSA when Congress enacted the FLSA.  Second, the work of a Tankerman in actually loading and unloading a barge so as to maintain the barge and boat's seaworthiness is clearly a "seaman" duty.  ***These issues are not before the Court at this time.***  (emphasis added).

*Coffin v. Blessey*, No. 4:11-cv-00214, Doc. 45, p. 20 (Defendant's Motion for Summary Judgment), filed 7/1/11.

Thus, the *Blessey* court did not have before it the legal issue that is presented in Canal Barge's motion for summary judgment.

Further, Plaintiff has not demonstrated (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact, and thus he cannot meet the standard necessary to support a Rule 56(d) motion.

## ARGUMENT

I.   **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF'S TANKERING WORK IS SEAMAN'S WORK.**

Plaintiff does not deny that he meets two of the three required elements for a seaman's status under the DOL regulations: (1) that he worked aboard a vessel, (2) subject to the authority of the master. This dispute revolves around the third element – whether Johnson's loading and discharge of liquid cargo aided in the operation of the vessel as a means of transportation. Defendant has demonstrated that this element is satisfied in its Memorandum in Support of its motion for summary judgment.[3]   Indeed, Johnson himself stated that "I was completely responsible for ensuring the safe transportation of cargo." (Declaration of Vandaven Johnson, Doc. 22-3, ¶5.)

Instead, Plaintiff devotes the bulk of his argument attempting to convince this Court that the 20% rule regarding his tankering duties determines Johnson's seaman status. Plaintiff misses the point. 29 C.F.R. § 783.31 states that an employee "will ordinarily be regarded as 'employed as a seaman'" if he meets the required elements, provided he performs no substantial amount of work of a different character. Because Plaintiff undeniably meets these requirements, he must be regarded as employed as a seaman *unless* he can show that he performs work of a different character. Before the 20% ratio calculation of seaman to non-seaman's work can even be considered, ***Plaintiff must demonstrate that his tankering work is a non-seaman's duty.*** As

---

[3] Because the loading and discharge of liquid cargo by the Plaintiff was seaman's work, the fourth element (the 20% rule) should not be given consideration by the Court.

Canal Barge explained in its motion for summary judgment, Johnson's tankering work performed aboard his assigned vessel aided in the operation of that vessel as a means of transportation, and thus, was seaman's work.

### A. Johnson's Job Duties Related to Loading and Discharging Liquid Cargo were Seaman's Duties.

Plaintiff does not dispute that he meets the jurisprudential requirements that define a seaman under the FLSA: his work was maritime in character; performed on a vessel as a crew member; on navigable waters. *Gale*, 116 F.2d 27; *Robblee v. Aiken Towing Corp.*, 90 F. Supp. 579, 580 (D. Fla. 1950); *Bailey v. The Pilots' Ass'n for the Bay River Del.*, 406 F. Supp. 1302 (E.D. Pa. 1976).[4] Plaintiff argues at length that work such as industrial work, servicing and maintaining oil and gas equipment, tallying cargo, etc. (none of which Johnson did) is non-seaman's work. (Opposition, pp. 5-6.) What Plaintiff fails to address, however, is that it is not simply the work itself – it is the *character* of that work that matters, and whether the Plaintiff's work provides essential aid in the operation of his assigned vessel as a means of transportation in his particular respective way.

In the same way in which a cook or a surgeon, for example, would likely not be a seaman while cooking or operating on land, when cooking or operating on the vessel, if his work aboard the vessel is in furtherance of the operation of the boat, then he is a seaman. *McLaughlin v. Harbor Cruises LLC*, No. 06-11299, 2012 U.S. Dist. LEXIS 100922, at *24 (D. Mass. July 20,

---

[4] Although Plaintiff claims that Canal Barge's citation to *Gale* "is almost inexplicable" because the workers in *Gale* did not load or unload cargo, Plaintiff misses the point – the oft-cited *Gale* set forth jurisprudential elements of a seaman under the FLSA. And as explained in footnote 11, *infra*, it is the exclusive province of the *courts* to interpret the Act. Importantly, while the DOL regulations "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance," they "are not controlling." *McMahan v. Adept Process Servs.*, 786 F. Supp. 2d 1128, 1136 (E.D. Va. 2011), *citing Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

4

2012).[5]  Here, Johnson's loading and unloading duties were in furtherance of the operation of the tank barges and tow to which he was assigned, in the transportation of liquid cargo.  Thus, his vessel-based tankering work was that of a seaman, and the 20% rule is inapplicable.

Johnson argues that a vessel tankerman's duties are non-seaman's work, but *all* of the cases on which he relies are inapplicable and taken out of context.  Importantly, Plaintiff does not address the facts of any of these cases.  A review of the facts of these cases demonstrates that these cases do not establish that Johnson's tankering activities were non-seaman's work.

- *Walling v. W.D. Haden Co.*, 153 F.2d 196, 199 (5th Cir. 1946).  Plaintiff cites *Walling* for the proposition that the mere fact that an employee works aboard a vessel does not make him a seaman.  Significantly, however, the workers in the *W.D. Haden* case performed dredging work, were stationed for months at a time on a barge in substantially the same location, and admitted that their nautical duties comprised only a very small percentage of their work.  *Id.* at 197.  Those workers were not underway or engaged in transporting cargo.  *Id.*  The case is inapposite.

- *Helena Glendale Ferry Co. v. Walling*, 132 F.2d 616, 618 (8th Cir. 1942).   The employees in question were purely clerical workers working in employer's office on a landing stage (moored barge) and "had no control whatever over the operation of the ferry boats," and therefore were not exempt seamen.

- *Trosclair v. Offshore Marine Contrs., Inc.*, No. 11-2324, 2012 U.S. Dist. LEXIS 84535 (E.D. La. June 19, 2012).  *Trosclair* made no ruling on the seaman status of a vessel tankerman.  Trosclair did not handle cargo but rather, was a marine electrician who

---

[5] Defendant draws the Court's attention to the odd fact that there are three separate, unrelated cases addressing seaman status under the FLSA, all with the name "McLaughlin" in the caption:  *McLaughlin v. Harbor Cruises, LLC* (D. Mass. 2012); *McLaughlin v. Boston Harbor Cruise Lines*, (1st Cir. 2005); *McLaughlin v. King Welding* (C.D. Cal. 1988).  In order to avoid confusion, Defendant will use the full case name when making short citations.

performed electrical maintenance and repair both on and offshore. Judge Feldman's comments were merely a recitation of the case law concerning seaman, with a citation to *Owens v. SeaRiver*, and in no way further Johnson's claim.[6]

- *Knudsen v. Lee & Simmons*, 89 F. Supp. 400, 404 (S.D.N.Y. 1949) (*Knudsen II*). Again, an examination of the facts demonstrates that *Knudsen* simply does not apply to Johnson. Knudsen was essentially a stevedore who went aboard the barge only when the barge was in service for freight, and if it was empty he did not go aboard; he did not possess a seaman's certificate; he did not eat or sleep aboard the barge, but went home each night; he hired additional staff to assist with the freight; he tallied the freight; when the barge was towed, he went along only if he was ordered to watch the cargo; he took "no part in the operation," and had no duties with respect to its navigation; and on the morning of a day when cargo was "to be worked," he simply went on the barge at the point where the barge was moored. (Facts set out in *Knudsen v. Simmons*, 68 F. Supp. 538, 539 (S.D.N.Y. 1946) (*Knudsen I*). *Knudsen* is not applicable to the issue at hand; instead, *Knudsen* essentially was like the shore-based tankerman in *Owens v. SeaRiver*, rather than the case at bar.[7]

- *McLaughlin v. King Welding, Inc.*, 108 LC ¶ 35,049 (CCH) (C.D. Cal. Mar. 15, 1988), which is similarly inapplicable. *McLaughlin v. King Welding* concerned tankermen who

---

[6] The *Trosclair* court denied the employer's motion for summary judgment because there was a factual dispute over the plaintiff's **actual** duties. The plaintiff claimed that his primary responsibilities included "general maintenance and electrical equipment owned by Offshore . . ., equipment at Offshore's hunting camp, and equipment at Offshore's houseboat; *he worked out of the Cutoff shop under authority of the port captain and was not under the control of the master of any vessel; he slept at home and drove to the shop each day; he was never a member of the crew of any vessel*; and greater than 20% of his work was performed away from the vessels 'usually in the shop, but also at camps, houseboats, and homes.'" *Trosclair v. Offshore Marine Contrs., Inc.*, 2012 U.S. Dist. LEXIS 84535 (E.D. La. June 19, 2012) (emphasis added). Once again, the facts of *Trosclair* are not applicable to Johnson.

[7] *Owens v. SeaRiver Mar. Inc.*, 272 F.3d 698 (5th Cir. 2001). As explained in Canal Barge's motion for summary judgment, *Owens* does not control the outcome of this case, as it was limited to the duties of a *shore-based* tankerman.

pumped oil product into a storage barge at an offshore drilling site and later discharged the oil product in port. The plaintiffs merely rode a tug which towed the barge to the drilling site, much like a stevedore who rides from port to port. A *separate tug crew* was responsible for navigating the tug and anchoring the barge. Unlike Johnson, the plaintiffs had no deckhand responsibility related to the tug during the voyage to and from the drilling site. Unlike Johnson, plaintiffs' only function was to load and unload the oil product pumped from the drilling rig. Their duties were not integrated into the mission of the vessel; instead, the court determined that plaintiffs were *industrial workers*, not seamen. *Id.* at ¶¶ 12, 21. Johnson, who had both deckhand and tankering duties, was a critical member of the deck crew and at all times contributed to the operation of the vessel as a means of transportation. Indeed, the *McLaughlin v. King Welding* case is more akin to the dredging cases – where workers on a barge were industrial workers – than it is to a vessel-based tankerman. (Attached as Ex. 1.)

- *Poole v. Kirby Inland Marine L.P.*, No. 05-651, 2006 U.S. Dist. LEXIS 50019 (S.D. Tex. July 21, 2006). This was a Jones Act / Longshore Harbor Workers Compensation Act case dealing with an injury – *not wages* and focused on whether the plaintiff was a Jones Act seaman.[8] Unlike the instant case, the *Poole* plaintiff was a shoreside tankerman who worked in the shoreside division of the company, was never assigned to a particular boat; was not a member of a crew; and worked only on defendant's barges that were brought into the dock. *Id.* The *Poole* facts are far closer to the facts of *Owens v. SeaRiver* and this case has no relevancy to the instant case.[9]

---

[8] Although the Plaintiff disparages any reliance on the *Gale* holding because he argues that it makes no distinction between the FLSA and the Jones Act, Plaintiff freely relies on a Jones Act case where he believes it is useful to his argument. (Opposition, pp. 6, 9.)

[9] *Owens v. SeaRiver*, 272 F.3d 698 (5th Cir. 2001).

Johnson has not cited a *single case* to support his claim that the *vessel-based* tankering work he performed was non-seaman's work.  Nor can he in good faith argue that his work was merely that of a stevedore or that he simply rode from port to port unloading cargo without taking part in the operation of the vessel; indeed, such a claim would be in direct contravention of his earlier declaration.[10]  Rather, the work performed by Johnson as a tankerman aboard a towboat and tank barge was *all* performed in the aid of the tow as a means of transportation of liquid cargo.[11]

Johnson's argument that neither *Gale* nor *Jordan* addressed the ratio of nautical to longshore duties is immaterial.  The ratio between nautical and longshore duties is not a necessary consideration when *all* of the duties performed are seaman's duties.  Johnson also argues that *Jordan* was decided prior to the DOL's adoption of the 20% rule and thus does not apply.  On the contrary, *Jordan* stands for the proposition that the loading and unloading performed on board a vessel under those circumstances was *all* seaman's work.  Thus, the ratio was irrelevant.

Although Johnson correctly points out that the 20% rule was announced by the DOL in 1948, that announcement did not change the underlying statute.  Moreover, the 20% rule has no bearing on whether Plaintiff's tankering responsibilities constituted seaman's work only.

---

[10] Johnson stated that he "was responsible for performing the duties necessary to ensure the safety of the stored cargo *while in tow*, maintaining the lines and docking equipment. . ." and that he was "responsible for the *safe transportation* of cargo."  He also stated that his duties required him to "maintain, repair, and replace barge equipment associated with the safe and efficient movement of cargo."  (Declaration of Vandaven Johnson, Doc. 22-3) (emphasis added).  Such statements clearly demonstrate that Johnson was not a stevedore who simply caught a ride from one port to another to handle loading and unloading duties.

[11] While there may be a factual dispute over the actual time spent performing various tankering duties, that question is not at issue in this motion.  This motion simply addresses the characterization of Plaintiff's vessel-based tankering activities.  Significantly, **even assuming *arguendo*,** that Johnson spent more than 20% of his time performing loading and unloading duties, *it does not matter* for purposes of this motion, because *all* of his duties were seaman duties.

Finally, Johnson hangs his hat on a single phrase from 29 C.F.R. § 783.32, which states that "an employee employed as a seaman does not lose his status as such simply because, as an incident to such employment, he performs some work not connected with operation of the vessel as a means of transportation, such as assisting in the loading or unloading of freight at the beginning or end of a voyage, if the amount of such work is not substantial."[12]  However, the cases cited by the DOL in that section concerned offshore dredging and drilling activities.[13]  These cases are clearly different from the case at bar.  Johnson's entire argument centers on his *unsupported legal conclusion* that the "loading and unloading of freight" that *he performed* is "not connected with the operation of the vessel as a means of transportation."   However, Johnson's loading and discharge of liquid cargo was not an incidental job that occurred only at the end of a voyage; rather, his job as a tankerman was integrated into the operation of a tow and tank barge as a means of transportation throughout the voyage.   Thus, Johnson met all of the required elements of an employee who was "employed as a seaman" under both the jurisprudential *and* the DOL regulations, and was therefore exempt.

### B. Defendant's Policy Arguments Do Not Require Discovery.

Johnson claims that discovery is necessary in order to respond to Canal Barge's policy and purpose arguments.  Again, Johnson misses the mark.  Canal Barge's policy arguments are

---

[12] 29 C.F.R. § 783.0 is entitled "Purpose of this part" and explains that the purpose of the regulations are to "guide the Secretary of Labor and the Administrator in the performance of their duties under the Act."  To date, the Department of Labor has not seen fit to interpret these regulations – which have been in place for decades – as indicative that a vessel-based tankerman is not a seaman.  As pointed out in Canal Barge's motion for summary judgment, this is *not* a DOL enforcement action, but a private action.  Moreover, 29 C.F.R. § 783.4 explains that these regulations are merely interpretations by the DOL, and that "the ultimate decisions on interpretations of the Act are made by the courts."

[13] The DOL regulation cites only three cases in 29 C.F.R. § 783.32: *Sternberg Dredging Co. v. Walling*, 158 F.2d 678 (8th Cir. 1946) (employees on dredges are industrial workers rather than seaman); *Cuascut v. Standard Dredging Corp.*, 94 F. Supp. 197, 206 (D.P.R. 1950) (employees' work in a dredging operation was not maritime in nature or performed in furtherance of transportation); and *Woods Lumber Co v. Tobin*, 199 F.2d 455, 456 (6th Cir. 1952) (employees working on derrick boats are not seamen).

rooted in practical considerations which have been *repeatedly* recognized by the federal courts, and the underlying purpose which prompted Congress to carve out particular exemptions when the FLSA was instituted.  (*See* Defendant's Motion for Summary Judgment, §§ III and VII.) From a practical standpoint, Congress (and the Supreme Court) also recognized that some jobs are simply the "kind of work that 'was difficult to standardize to any time frame and could not be easily spread to other workers after 40 hours in a week, making compliance with the overtime provisions difficult and generally precluding'" job expansion.  *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2173 (2012) citing 69 FR 22122.  A seaman living and working on a vessel for extended periods, around the clock – just as Johnson did – fits *precisely* into this category.   In fact, Johnson explains in his Declaration that he worked on vessels which traveled "through the Gulf Intracoastal Waterway and river systems," his duties required him to "ensure the safety of the stored cargo *while in tow*," and that he "was completely responsible for ensuring the safe transportation of cargo."  (Johnson Declaration, Doc. 22-3, ¶¶ 3-5.) (emphasis added).  Further, Johnson explains that his hitch schedule consisted of 14 days on followed by 14 days off, and that he was on watch for 12 hours per day.  (*Id.*, ¶ 6.)

In the context of the FLSA exemptions, numerous courts have recognized that policy and practicality play a large role in interpreting and applying the relevant law.  *See Christopher*, 132 S. Ct. at 2173; *Tate v. Showboat Marina Casino P'ship*, 431 F.3d 580, 584 (7th Cir. 2005) (explaining that it is impractical to use shifts and avoid overtime for ships at sea for a week that cannot change crews every few hours); *Harkins v. Riverboat Servs.*, 385 F. 3d 1099 (7th Cir. 2004) (at sea, a normal life is impossible, and working more than 40 hours per week is an appropriate work norm); *Anderson v. Manhattan Lighterage Corp*, 148 F.2d 971, 973 (2d Cir. 1945) (regulating wages and hours in the manner contemplated under the FLSA is impractical);

*Gale*, 116 F.2d at 28 (restricting a seaman's work week would interfere with the operation of the means of transportation); *Helena Glendale Ferry Co. v. Walling*, 132 F.2d 616, 619 (8th Cir. 1942) ("Seamen, in the sense in which the word is commonly used, are subject to all the hazards of navigation, and the limitation of their hours of labor, in view of the uncertainties and hazards of their occupation, is impracticable, if not at times impossible."); *Jordan v. Am. Oil. Co.*, 51 F. Supp. 77, 79 (D.R.I. 1943) (restricting the hours of a seaman aboard a vessel would greatly interfere with its operation).   Thus, Canal Barge's policy argument is based on undisputed facts, valid case law, and the legislative history of the FLSA.   Defendant has pointed out obvious repercussions which would result from such broad policy changes.   Plaintiff fails to demonstrate how discovery is necessary to respond to such general considerations.

## II. PLAINTIFF CANNOT SUPPORT A RULE 56(d) MOTION

Plaintiff claims that Canal Barge's motion for summary judgment is premature because it was filed before discovery was conducted.   However, "Federal Rule of Civil Procedure 56(b) states that a defending party may move for summary judgment 'at any time.'"   *Crum v. Am. Airlines, Inc.*, 946 F.2d 423, 430 (5th Cir. 1991).   Moreover, "Rule 56 does not require that any discovery take place before summary judgment can be granted."   *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (denying a Rule 56(f) continuance [now renumbered as Rule 56(d)], and affirming summary judgment even though discovery had not been conducted because the non-movant did not demonstrate how additional discovery would rebut the movant's allegations).   This is especially significant when – as here – the issue addressed by the motion is a legal issue rather than a fact based issue.   "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."   *Bell Lumber & Pole Co. v. U.S. Fire Ins. Co.*, 60 F.3d 437, 441 (8th Cir. 1995).

Where the nonmovant of a motion for summary judgment requires additional discovery in order to oppose a motion for summary judgment, he may request a continuance for discovery under Rule 56(d).  However, the nonmovant "must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact."  *Rutherford v. Muniz*, 280 F. App'x 337, 339 (5th Cir. 2008), *citing Adams v. Travelers Indem. Co.*, 465 F.3d 156 (5th Cir. 2006) (denying non-movant's Rule 56 motion for continuance).  "A party cannot evade summary judgment simply by arguing that additional discovery is needed and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Adams*, 465 F.3d at 162 (internal citations omitted).

The Fifth Circuit "has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment . . . may be cut off when record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment."  *Washington*, 901 F.2d at 1285.  The nonmovant "must demonstrate how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact."  *Id.* at 1286.  *See also Crum*, 946 F.2d at 430 (rejecting plaintiff's argument that summary judgment motion was premature where plaintiff failed to explain any way that discovery could have aided his case).   Plaintiff has failed to meet his burden under Rule 56(d).[14]

Plaintiff cites *McLaughlin v. Boston Harbor Cruise Lines, Inc.*, 419 F.3d 47, 52 (1st Cir. 2005) as support for his assertion that "a disposition – even a legal interpretation – is

---

[14] Plaintiff cites *Haydell Indus. LLC v. Petrucci*, 702 F. Supp. 2d 688, 697-98 (W.D. La. 2010) for support that the motion for summary judgment is premature.  However, *Haydell* is easily distinguishable because the defendants in *Haydell* filed a 12(b)(6) motion to dismiss, and alternatively a motion for summary judgment.  The Court instead gave the plaintiff the opportunity to amend the complaint to remedy the issues addressed in the 12(b)(6) motion. Clearly, where the complaint and claims have yet to be determined, a summary judgment is premature.  That is *not* the case here.

inappropriate prior to factual development." (Plaintiff's Opposition, Doc. 34, p. 5.) However, in that case, the appellate court reversed the district court's dismissal of the claim based on a 12(b)(6) motion. The First Circuit expressly stated that the issue could properly be addressed on summary judgment. *Id.* Here, Defendant has provided sufficient undisputed factual information which enables this Court to make a legal interpretation on summary judgment.

On the other hand, *McLaughlin v. Harbor Cruises, LLC*, No. 06-11299, 2012 U.S. Dist. LEXIS 100922 (D. Mass. July 20, 2012) (which Plaintiff fails to address or bring to the Court's attention), decided an employee's seaman status on a motion for summary judgment. The parties in *McLaughlin v. Harbor Cruises, LLC* did not dispute the duties of the plaintiffs; they disputed only the characterization of those duties and the amount of time spent performing them. The court had sufficient information to decide the motion for summary judgment based on the undisputed facts. Likewise, this Court has the facts in front of it which will permit it to make a ruling on whether Plaintiff's tankering duties were seaman's duties – and no additional discovery is needed.[15]

### A. Plaintiff has not demonstrated a legitimate basis for additional discovery.

Significantly, Plaintiff has not refuted his job duties as detailed in Canal Barge's motion for summary judgment, nor could he. Moreover, Plaintiff has not explained why he needs additional time in order to discover what *his own job duties* were. The *only issue* before the Court in this motion is whether those duties are those of a seaman.[16] The actual duties at issue have not been disputed. Indeed, Canal Barge's motion relied on language directly from the

---

[15] The records which Plaintiff has indicated that he seeks (vessel logs, cargo inspection reports, Declarations of Inspection, and checklists), all relate to the time spent on particular tasks and the 20% rule – an issue not before the Court. (Plaintiff's Opposition, Doc. 34, p. 10, §D). These items are immaterial to the issue addressed in the motion for summary judgment.

[16] Inexplicably, Plaintiff directs the Court to a job description at Blessey Marine – this is a different company, not a party to this case, nor is plaintiff's counsel involved in that case. (Opposition, p. 11, n.3.)

Plaintiff's own description of his duties, and certainly nothing in the motion is at odds with that description.[17]

Although Plaintiff requests formal job descriptions for tankermen and shore side tankermen, job titles and descriptions are not dispositive under the law. *Gregory v. First Title of Am., Inc.*, 555 F.3d 1300, 1307 (11th Cir. 2009); *Soto v. Adams Elevator Equipment Co.*, 941 F.2d 543, 551 (7th Cir. 1991). Instead, when considering claims under the FLSA, "[t]he legal test . . . requires an assessment of the actual duties performed by the particular employee in question." *Barrera v. MTC, Inc.*, No. 10-CA-665, 2011 U.S. Dist. LEXIS 83468, at *13 (W.D. Tex. July 29, 2011). Thus, Plaintiff has made no showing that additional discovery related to his own job duties or those of other jobs is necessary, nor how it would assist his position.

Notably, although in his quest for discovery Plaintiff claims that Canal Barge has both deckhand and tankerman positions, this is irrelevant to the instant matter for two reasons. (Opposition, p. 12.) First, Canal Barge operates both tank barges which transport liquid cargo, and dry cargo / freight barges, which do not require a licensed tankerman, and thus have (non-tankerman) deckhands on board.[18] Second, the tank barges and tow on which Johnson worked do not typically carry both a deckhand and a tankerman – instead, the tankerman *is the deckhand*.[19] Although Plaintiff baldly asserts that the "'tankerman/deckhand' hybrid is simply a tactical label manufactured by Canal Barge's lawyers," instead, the tankerman/deckhand describes the *actual duties* of Johnson. (Opposition, p. 12.) Any additional discovery is not relevant to the question before this Court.

---

[17] In addition, a number of the items that Plaintiff claims are his job duties are indisputably seaman's duties, including maintaining lines and docking equipment and maintenance and repair of barge pumps and engines. *See Louviere v. Standard Dredging Corp.*, 239 F.2d 164, 165 (5th Cir. 1956) (handling the lines and making fast the vessel; greasing, oiling and repairing her machinery; and scrubbing the deck are duties routinely performed by a crew member found to be a deckhand).

[18] *See* www.canalbarge.com/marine_transportation/index.php.

[19] *See* Declaration of Captain Gerard Kent Broussard, ¶¶ 8, 23, 33 (Doc. 27-2, Ex. B); Declaration of Micah Bishop, ¶¶ 5, 12, 17 (Doc. 27-2, Ex. C) (attached to Canal Barge's motion for summary judgment).

### B. Plaintiff has not demonstrated how additional discovery will create a genuine issue of material fact with regard to the pending motion for summary judgment.

Plaintiff's entire argument for discovery continues to revolve around the 20% rule and its application. *That is not the issue before this Court.* Instead, the issue is the characterization of Johnson's duties as a vessel tankerman. Plaintiff argues that Canal Barge "has it exactly backwards." (Opposition, p. 8.) However, Plaintiff would like to merely skip the first, threshold step of the analysis, which requires him to show that his duties as a tankerman were non-seaman's duties before he can even reach the 20% rule. Importantly, Plaintiff has not disputed that (1) he worked on a vessel; (2) subject to the authority of the captain; (3) on navigable waters. These are the required elements of a seaman. 29 U.S.C. § 783.31 *et seq.* Therefore, in order to obtain the shelter provided by Rule 56(d), he must request additional *specific discovery* that would generate *material issues of fact* to demonstrate that his work as a vessel-based tankerman is non-seaman's work. He has failed to do so. Instead, Plaintiff merely cites a plethora of cases that deal with industrial workers or shore-based longshoremen or stevedores; *not vessel-based employees* handling *seaman's duties*. These cases are neither relevant nor persuasive.

Johnson has failed to explain why a comparison of his duties to those of a shore-based tankerman's duties assists in the characterization or classification of *his own* duties. Johnson has also failed to articulate a legitimate basis for discovery which would help him "demonstrate that Canal Barge's tankermen are more like non-exempt stevedores or longshoreman who may ride along with the vessel." (Opposition, p. 12.) In fact, Defendant's description is consistent with Plaintiff's own prior statements. As Plaintiff concedes the accuracy of Defendant's description, Plaintiff is fully able to argue his position based on Plaintiff's own prior statements. Johnson stated that he "was responsible for performing the duties necessary to ensure the safety of the

stored cargo while in tow, maintaining the lines and docking equipment. . ." and that he was required to "maintain, repair, and replace barge equipment associated with the safe and efficient movement of cargo." (Declaration of Vandaven Johnson, Doc. 22-3.)  He also stated that he was "completely responsible for ensuring the safe transportation of cargo."  *Id.*  Such statements are clearly not in keeping with a stevedore who simply catches a ride from one port to another to handle loading duties of cargo after arriving in port.  Thus, Johnson has demonstrated no valid reason why additional discovery is necessary to respond to Canal Barge's motion for summary judgment or how such discovery will create an issue of material fact.

Finally, Johnson argues for discovery because he "expects" that it will demonstrate the principle concern of Johnson's duties is the loading and unloading of liquid cargo.  (Opposition, p. 11.)  As Defendant has stated repeatedly, if such activity, as a matter of law, is seaman's work, then discovery is unnecessary.  As this Court knows, counsel for Plaintiff is litigating **numerous** other tankermen cases.  As indicated by Plaintiff's brief, extensive discovery has been conducted in several of these cases.  Nevertheless, despite Plaintiff's counsel having had the benefit of discovery on the same issue presented by Defendant's motion, Plaintiff is still unable to articulate his basis for needing discovery in order to respond to Defendant's motion.

> C. ***Plaintiff has not complied with Rule 56(d) because he has not shown "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify its opposition."***

Plaintiff's counsel filed a declaration in support of this motion which claims only that the statements regarding "the need for discovery to respond to Canal Barge's Motion for Summary Judgment, as stated therein, are true and correct and based on personal knowledge." (Doc. 34-5, Declaration of Richard J. Burch.)  First, this statement adds nothing to the argument; in essence it is merely duplicative of his signature on the pleadings, which is already addressed by Rule 11.

Second, Rule 56(d) requires that the nonmovant show by affidavit or declaration that "for *specified reasons*, it cannot present facts essential to justify its opposition." (emphasis added). Here, Plaintiff's counsel's declaration offers no specified reasons whatsoever.

"[T]he party resisting summary judgment must present *specific facts* explaining the inability to make a substantive response . . . and must *specifically demonstrate* how discovery will enable him to establish the existence of a *genuine issue of material fact*." *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992) (emphasis added). This he has not done. Plaintiff's arguments and requested documents all relate to the amount of time spent performing various tasks – not the issue before the Court. Plaintiff requests vessel logs, maintenance logs, declarations of inspection, cost-per-transfer reports, and other documents that are unrelated to the characterization of Johnson's loading and discharge work. Instead, these documents are either totally irrelevant, or relate the 20% rule issue. Plaintiff fails to identify any *specific facts* that are necessary to make a substantive response to Canal Barge's motion for summary judgment, nor has he shown that discovery would establish a genuine issue of fact. "If the additional discovery will not likely generate evidence germane to the summary judgment motion, the district court may, in its discretion, proceed to rule on the motion without further ado." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). Such is the case here. Because Plaintiff has not identified how discovery will create a genuine issue of fact, he has failed to meet his burden under Rule 56(d), and a stay of the motion for summary judgment is unwarranted.[20]

## CONCLUSION

Application of the DOL regulations and pertinent case law to the undisputed facts relating to Johnson's work as a deckhand and tankerman, demonstrates that Johnson was

---

[20] Although Plaintiff has made no showing of the need for discovery to decide this particular issue, if this Court finds that discovery is warranted, in the alternative, Canal Barge requests that discovery be limited only to the issue addressed in the motion for summary judgment, and only to the Plaintiff's duties.

*employed as a seaman* and was exempt from the FLSA overtime requirements.  Plaintiff has not

contested the material facts submitted by Canal Barge, nor could he.  There is no dispute about

*what* Johnson did; rather, the dispute is over the *characterization* of those duties – and it is clear

that those duties were maritime in character and rendered in the aid of his assigned vessel as a

means of transportation.  Further, Plaintiff has failed to meet his burden under Rule 56(d) to

warrant a stay for discovery on the dispositive issue addressed in Canal Barge's motion for

summary judgment.  In light of the foregoing, Plaintiff's Rule 56(d) motion should be denied.

The issue before this Court is a legal issue, not a factual dispute, and the Plaintiff has

failed to demonstrate an issue of material fact which would preclude this Court from granting

summary judgment on the issue, and thus summary judgment should be granted in favor of

Defendant.  In light of the foregoing, Canal Barge respectfully asks this Court to find, as a matter

of law, that Johnson's vessel-based tankering duties were seaman's duties and were exempt from

the FLSA overtime requirements.

Respectfully submitted,

/s/ *S. Mark Klyza* _____
**S. MARK KLYZA,** Admitted *pro hac vice*
Louisiana Bar Number 02028
**HEATHER F. CROW,**
Admitted *pro hac vice*
Louisiana Bar Number 33080
1100 Poydras St., Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
Email:  SMK@kullmanlaw.com
          HFC@kullmanlaw.com

18

**ERIC R. MILLER**
Attorney-in-Charge
Texas State Bar Number 14071350
Southern District of Texas Bar No. 13238
4605 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
Email: EM@kullmanlaw.com

**COUNSEL FOR DEFENDANT,**
**CANAL BARGE COMPANY, INC.**

## CERTIFICATE OF SERVICE

I certify that on October 26, 2012, I electronically filed the foregoing document, using the

CM/ECF Filing System which will send notification of such filing to the following:

Michael A. Josephson (mjosephson@fhl-law.com)
Andrew Wells Dunlap (adunlap@fhl-law.com)
Richard J. Burch (rburch@brucknerburch.com)
*COUNSEL FOR PLAINTIFF*

*/s/  S. Mark Klyza* _____

19