IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| VANDAVEN JOHNSON, Individually and on behalf of all others similarly situated | § § § |
| V. | §   CIVIL ACTION NO. G-12-037 |
| CANAL BARGE COMPANY | § § § |

### OPINION AND ORDER

Having carefully considered the briefing, exhibits and oral arguments of the Parties, the Court now issues this Opinion and Order.

On June 10, 2013, Defendant, Canal Barge Company (Canal Barge), reurged its Motion to Transfer Venue to the Eastern District of Louisiana; Canal Barge's original Motion was denied without prejudice to being reurged "if the residences of the additional Opt-in Plaintiffs, if any, favor a transfer of venue to the Eastern District of Louisiana." This Court's suspicion, however, that most Opt-in Plaintiffs would ultimately be Louisiana residents proved to be wrong: of the present Plaintiffs only 25% (3) are from Louisiana, the others are residents of 5 other states including Texas. Accordingly, the Court must weigh the Gilbert[1] factors to determine whether Canal Barge has clearly demonstrated that a transfer is for the convenience of the Parties and witnesses, in the interest of justice, In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008); if not, the Plaintiff's chosen venue must be respected. Id.

While the Court agrees that Canal Barge's relevant records are located at its headquarters and principle place of business within the Eastern District of Louisiana, the first private factor considers the relevant ease of access to "sources of proof." The two most critical issues in this case

---

[1] Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)

will most likely be (1) what tasks constitute "tankerman work" and (2) whether the Plaintiffs' tankerman work performed while on the job consumed more than 20% of their work time. The "sources" of that proof will, therefore, be the Plaintiffs themselves and the captains and pilots who served on the barges. The 59 potential captain and pilot witnesses are from 9 different states. Most are from Louisiana, but much of Louisiana is closer to Galveston than New Orleans. Consequently, it is unclear whether the Eastern District is a more convenient venue for these witnesses. Moreover, under the assumption this case may continue as a collective action, far less than 59 captains and pilots will be witnesses. If this factor favors Canal Barge at all, it does so only slightly.

The availability of compulsory service will always present a problem in a case of this nature. Of course, it is more convenient for Canal Barge's corporate employees to litigate in the Eastern District of Louisiana, but those with relevant knowledge will be deposed in Louisiana and probably be within the control of Canal Barge if they are needed at trial. Similarly, it is reasonable to believe that the Opt-in Plaintiffs will agree to attend any necessary depositions and trial rather than risk the imposition of sanctions dismissing their claims. That leaves only the captains and pilots, but those still employed by Canal Barge, and favorable to its position, should not present a problem and, as stated above, it is not clear, on this record, which forum is closest to the majority of any of these relevant "uncontrolled" witnesses.

The Plaintiff's research on direct flight air travel time and costs clearly favors the Galveston forum and the Court finds Canal Barge's conclusory opinion that a transfer would lower the costs of the witness' attendance unpersuasive.

As to the last private interest factor, the Court sees no practical advantage to a venue transfer; a transfer would do little more than shift any inconveniences to the Plaintiffs, which should not normally be condoned. <u>Salinas v. O'Reilly Automotive, Inc.</u>, 358 F.Supp. 2d 569, 571-72

(N.D. Tex. 2005) ("A case should not be transferred, however, simply to shift the burden of inconvenience from the Defendant to the Plaintiff.")

As of March 2013, the Southern District of Texas appears to be resolving civil cases 5 months more quickly than the Eastern District of Louisiana; moreover, unlike the Eastern District, the Galveston Division, as of May 31, 2013, had only 13 criminal cases pending on its docket. The first public factor, difficulties flowing from court congestion, therefore, favors Galveston.

The Southern District of Texas also appears to have a significant local interest in this case. One Plaintiff lives within the Southern District; Canal Barge performs substantial work within this District, not just in the Houston and Galveston areas but also in Corpus Christi and as far south as Brownsville; and this District has an interest in seeing the FLSA properly enforced within its borders.

As for the final two public factors, the Court assumes both Districts are familiar with the governing law and finds no conflicts of law existing in the case.

For the foregoing reasons, the Court finds that Canal Barge has failed to clearly demonstrate that a transfer of this case to the Eastern District of Louisiana is merited and it is, therefore, **ORDERED** that the "Re-Urged Opposed Motion to Transfer Venue" (Instrument no. 54) of Defendant, Canal Barge Company, is **DENIED**.

**DONE** at Galveston, Texas, this ____3rd____ day of July, 2013.

_____
John R. Froeschner
United States Magistrate Judge